**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 7, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP161**

Cir. Ct. No. **2018SC7110**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

---

ASHLEY M. HINRICHS,

   PLAINTIFF-RESPONDENT,

V.

GREG GRISWOLD,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Dane County: PETER ANDERSON, Judge. *Affirmed*.

¶1     GRAHAM, J.[1] Greg Griswold appeals pro se a judgment of eviction that was entered by the circuit court after a jury trial. I affirm.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

*Background*

¶2      In the summer of 2017, Griswold and Ashley Hinrichs entered into an agreement permitting Griswold to store approximately 100 boats on Hinrichs' property. The parties dispute the terms of the agreement. Hinrichs contends it was a three-month lease, while Griswold contends it was for three or more years.

¶3      After approximately a year had passed, Hinrichs asked Griswold to remove the boats from her property. Griswold refused, and Hinrichs filed a small claims complaint for eviction. Griswold answered, demanded a jury trial, asserted counterclaims for civil theft, conversion, and breach of contract, and requested damages in the amount of $375,000. Griswold asked the court to bifurcate the claim and the counterclaims and grant a continuance for the prosecution of his counterclaims, and his motion was granted. His counterclaims were ultimately severed and moved to a separate civil proceeding, leaving Hinrichs' claim for eviction as the only claim to be resolved in this proceeding.

¶4      Griswold conducted discovery, and the eviction claim proceeded to a jury trial in accordance with Griswold's demand. The jury determined that Hinrichs and her husband had agreed to store Griswold's boats for six months or less, and accordingly the circuit court entered a judgment of eviction. Griswold filed a motion requesting a new trial, which was denied by the circuit court.

*Discussion*

¶5      In this appeal, Griswold argues that the circuit court erred by refusing to convert the eviction action from a small claims matter to a matter tried under Wisconsin's rules of civil procedure, thereby violating his due process

2

rights. He also argues that the circuit court erroneously denied his motion for a new trial. I reject both arguments for the reasons that follow.

## I.

¶6 I begin with Griswold's argument regarding small claims procedure. WISCONSIN STAT. ch. 799 sets forth court rules for "small claims" actions, which generally apply to actions where the amount claimed is $10,000 or less. *See* WIS. STAT. § 799.01. The small claims procedures also govern eviction actions. WIS. STAT. § 799.01(1)(a). When a counterclaim takes a matter "beyond the limitations" of a small claims action by increasing the amount in controversy beyond $10,000, the "entire matter" must be tried by the Wisconsin Rules of Civil Procedure set forth in WIS. STAT. chs. 801-47. WIS. STAT. § 799.02(1).

¶7 Griswold contends that his counterclaims for $375,000 converted this action into a "large claims" action, but he overlooks the fact that his counterclaims were severed from this proceeding, leaving only the eviction in this proceeding. Because they were severed, Griswold's counterclaims did not take this action "beyond the limitations" of a small claims action and therefore did not require the circuit court to convert the eviction into a large claims civil action.

¶8 Griswold also argues that his jury demand took the eviction action outside the scope of small claims proceedings. Griswold points to language in WIS. STAT. § 799.21(4), which governs small claims trials and provides that once a party demands a jury in a small claims case, "[t]he parties shall proceed as if the action had originally been begun as a proceeding under chs. 801 to 807." According to Griswold, this language means that once he demanded a jury, he should have been entitled to all the "bells and whistles" of the Wisconsin Rules of Civil Procedure.

3

¶9      I need not determine whether Griswold's interpretation of WIS. STAT. § 799.21(4) is correct, since he has not identified any procedural right that he was denied in this proceeding but should have received under Chapters 801 to 807.  The circuit court concluded that any additional procedural rights Griswold might have had under Chapters 801 to 807 were in fact honored.  As the circuit court explained, "from my point of view, we did this case under 801 to 807."

¶10     Griswold may disagree with the circuit court's rulings, but he fails to identify any additional process that he would or should have received under Chapters 801 to 807.  Instead, Griswold makes a number of conclusory assertions. Among other things, he contends that he was denied "meaningful consideration of any, much less all of [his] pleadings" or his "submitted proposed jury instructions," that the court improperly disposed of the eviction by "summary disposition," that he was denied "meaningful discovery," and further that the circuit court "ignor[ed] Rules of Civil Procedure" during trial.

¶11     Some of these assertions are patently incorrect.  The circuit court *did* consider Griswold's pleadings, as evinced by the fact that per his request the court bifurcated the case and scheduled a jury trial on the eviction.  The court *did not* dispose of this matter by "summary disposition"—not only did Griswold receive a jury trial, he also received four pretrial hearings, and was permitted to file numerous pretrial motions.[2]

---

[2] Griswold suggests that the circuit court judge was unfairly biased against him because it attempted to stem the tide of his submissions by imposing a page limit.  But Griswold cites no authority circumscribing a court's authority to impose such limits, and the court had reason to do so here because Griswold's submissions were unreasonably voluminous.

¶12    As to his other conclusory assertions, Griswold fails to specify the procedures that he claims the circuit court should have followed under Chapters 801 to 807 but did not.  Although it is not my role to comb through the record in an effort to identify viable arguments for Griswold,[3] I will briefly address his allegation that he was denied "meaningful discovery."  Griswold's brief fails to specify exactly what discovery he sought that was improperly denied, but according to the circuit court record, Griswold demanded documents and interrogatory responses from Hinrichs, and then asked the circuit court to shorten Hinrichs' 30-day statutory response period.  *See* WIS. STAT. § 804.08(1)(b); WIS. STAT. § 804.09(2)(b).  The court denied Griswold's request to shorten the response period but permitted Griswold's discovery demands to proceed with minor exceptions.[4]  Thus, it appears that not only did the court follow the discovery procedures set forth in Chapter 804, it did so over Griswold's own request to truncate those procedures.  Griswold does not demonstrate that the circuit court ignored Chapter 804 or failed to provide Griswold "meaningful discovery," and I decline to address Griswold's other alleged procedural violations as conclusory and undeveloped.  *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped).

---

[3] While this Court makes some allowances for the failings of parties who, as here, are not represented by counsel, I "cannot serve as both advocate and judge," **State v. Pettit**, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992), and will not scour the record to develop viable, fact-supported legal theories on Griswold's behalf, *see **State v. Jackson***, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999).

[4] The circuit court declined to compel Hinrichs to produce her tax returns.  Griswold does not argue that this was an erroneous exercise of discretion, nor is it apparent to me how it could have been.  *See **Winters v. Winters***, 2005 WI App 94, ¶18, 281 Wis. 2d 798, 699 N.W.2d 229 (discovery rulings are reviewed for erroneous exercise of discretion).

II.

¶13    Griswold also contends that the circuit court erroneously denied his motion for a new trial.  He makes numerous arguments, some of which are better developed than others.

¶14    Among other things, Griswold contends that the evidence at trial was insufficient to support the verdict.  "Appellate courts in Wisconsin will sustain a jury verdict if there is any credible evidence to support it."  *Morden v. Continental AG*, 2000 WI 51, ¶38, 235 Wis. 2d 325, 611 N.W.2d 659.  Griswold argues that the evidence was insufficient because trial witness Aric Hinrichs was "befuddled and absolutely clueless."  According to Griswold, Mr. Hinrichs' testimony was not credible because he did not correctly answer questions about the number of feet in an acre, the year in which he was married, the year in which Griswold's lease began, and other similar topics.  But Griswold fails to explain why Mr. Hinrichs' answers to these questions matter.  And even more importantly, questions of weight and credibility "are left to the jury."  *Staehler v. Beuthin*, 206 Wis. 2d 610, 617, 557 N.W.2d 487 (Ct. App. 1996).  The evidence is sufficient to sustain the jury verdict, notwithstanding Griswold's criticisms of Mr. Hinrichs' testimony.

¶15    Griswold makes other assertions about his entitlement to a new trial, none as clearly articulated as his arguments about the sufficiency of the evidence.  He cites legal concepts including self-help eviction, retaliatory eviction, quiet enjoyment, and promissory estoppel, but he fails to make any coherent argument as to why he would be entitled to a new trial based on these concepts.  On appeal, "[a] party must do more than simply toss a bunch of concepts into the air" and hope the court will "arrange them into viable and fact-supported legal theories."

*State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). I therefore reject all of Griswold's other arguments as undeveloped. *See Pettit*, 171 Wis. 2d at 646-47.

¶16     For the reasons discussed above, I affirm the circuit court.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.